UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62102-CIV-COHN/Seltzer

FREDERICK G. STAUP,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,
JANICE VINOKUROW, f/k/a Janice Lotrey,
and LAWRENCE LOTREY,

    Defendants.
_____/

## ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT
## ORDER DISMISSING ACTION AND
## IMPOSING SANCTION REGARDING FUTURE FILINGS

**THIS CAUSE** is before the Court upon Defendants' Answers to the Complaint [DE's 11 and 12], Plaintiff's Application for Default Judgment Against Defendant Vinokurow [DE 15], Plaintiff's Application for Default Judgment Against Defendant Lotrey [DE 16], and Plaintiff's Motion for Sanctions Against Defendant Vinokurow [DE 16]. The Court has carefully considered the filings in this action and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Frederick Staup filed this action in federal court asserting claims for cancellation of a deed, mortgage, and a "void discharge against a forged mortgage deed," as well as a claim against Wells Fargo for reckless and malicious abuse of process by obtaining a permanent injunction against Plaintiff in state court. Plaintiff has previously filed numerous actions in state court regarding property in Sarasota County and Broward County. See "Final Order Granting Permanent Injunction," Exhibit 52 to

Complaint [DE 1-5 at p. 25].  This court itself dismissed a similar action filed by Plaintiff against Wells Fargo's predecessor, Wachovia Bank, and specifically warned Plaintiff that "sanctions may result from any future vexatious and frivolous filings."  <u>Staup v. Wachovia Bank, N.A.</u>, Case No. 08-60359-CIV, 2008 WL 2598005, *4 (S.D.Fla. June 27, 2008).  This Court noted then that Plaintiff had filed several actions in the Middle District of Florida and one prior action in the Southern District of Florida.  <u>Id.</u>

In their Answers to the present Complaint, pro se Defendants Lawrence Lotrey and Janice Vinokurow describe the continued harassment of being served with yet another lawsuit by Frederick Staup.  They both request that this Court enter an additional injunction covering federal court actions, if the injunction entered in 1998 in Sarasota County did not cover the present action.  Plaintiff Staup responded to these answers by seeking sanctions against Defendant Vinokurow for not answering the complaint.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

It is clear to this Court that the present lawsuit is directly related to the prior lawsuits in Sarasota County and others in Broward County.  Wells Fargo is the successor trustee bank to both First Union and Wachovia.  Compl., ¶¶ 67-68.  This lawsuit involves property in Sarasota about which Plaintiff was banned from continuing to litigate.  Compl., ¶¶ 72-76; Exhibit 52.  This action also references the Broward state court action that ended in an adverse judgment to Plaintiff.  Compl., ¶ 93; Exhibits 57-59 [DE 1-6 at p. 14].

As was fully explained by this Court in its June 27, 2008 Order cited above, the

present action is barred by the Rooker-Feldman doctrine, which provides that no federal courts, other than the United States Supreme Court, have the authority to review final judgments of state courts. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments" Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005). This Court therefore must dismiss the present action for lack of subject matter jurisdiction.

### B.  Sanctions

Defendants Lotrey and Vinokurow seek this Court to extend the permanent injunction against Plaintiff to the United States District Court. As noted above, this Court refrained from entering such relief when it dismissed Plaintiff's last action in 2008, but specifically warned Plaintiff that "sanctions may result from any future vexatious and frivolous filings." Although it took over four years, Plaintiff has failed to heed this warning by filing the present action. Given Plaintiff's continuous filing of vexatious and frivolous lawsuits, this Court will ban Plaintiff from filing any pro se civil action in the Southern District of Florida, extending the state court injunction in Sarasota County.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Application for Default Judgment Against Vinokurow [DE 15], Plaintiff's Application for Default Judgment Against Lotrey [DE 16], and Plaintiff's Motion for Sanctions Against Defendant Vinokurow [DE 16] are hereby **DENIED**;

2. Defendants' Requests for a ban on future filings regarding this matter by Frederick G. Staup is hereby **GRANTED**;

3. This action is hereby **DISMISSED, with prejudice**, for lack of subject matter jurisdiction;

4. Plaintiff Frederick G. Staup is hereby **PERMANENTLY ENJOINED** from filing any pro se civil action in the Southern District of Florida, which has as its subject matter: 1) the administration of the Mary L. Staup trust; 2) the administration of the Estate of Mary L. Staup; 3) the Declaration of Trust dated October 6, 1980, executed by Mary L. Staup, settlor, also known as Mary Budd; 4) the First Amendment to Mary L. Staup Declaration of Trust dated December 15, 1993; 5) alleged actions of Mary L. Staup's personal representatives, trustees, successor trustees, or attorneys, their agents, officers or employees -- this shall include actions against such persons in any capacity, individually or in a representative capacity; and 6) claims of homestead in any property owned by Mary L. Staup, her estate or trust, or in allegedly homestead property in which Frederick Staup is claiming an interest.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to:

pro se parties of record as listed on CM/ECF